Affidavit of Jarret Guill on Behalf of MetroPCS Texas, LLC, a Delaware limited liability company ("MetroPCS")

Jarret Guill affirms as follows under penalty of perjury:

1) MetroPCS provides no services nor owns facilities in the Southern District of Texas. However, regarding those areas in which MetroPCS does provide services and in which MetroPCS owns facilities as the service carrier, the following statements are currently true and correct:

2) I am the Director of MetroPCS' Radio Access Network. I have been employed by MetroPCS for approximately 6 years and in my current role for the past 3 years.

3) I file this affidavit having been advised that the government will offer it in support of an application for an order pursuant to 18 U.S.C. § 2703(d) to compel disclosure of historical cell site information and call detail records (CDRs), and for the limited purpose of describing the range of location information that MetroPCS creates and stores for calls made on its wireless network in the normal course of business. This affidavit does not address information produced by MetroPCS in response to a prospective court order, such as a pen/trap order, prospective warrant, or wiretap order. The information described below is the information produced by MetroPCS when it receives a court order that compels disclosure of historical cell-site information.

4) Most MetroPCS cell towers divide their 360° coverage into three 120° segments known as "sectors." The radius of the area covered by a single MetroPCS tower ranges from approximately five miles in the countryside to no smaller than 100 yards in some densely populated urban areas. On average, MetroPCS cellular towers have a coverage radius of about one to two miles.

5) MetroPCS' system also relies on DAS, or Distributed Antenna System. DAS antennas have lower power than traditional cell towers and are installed on existing infrastructure, such as utility poles. DAS antennas may not be divided in many instances into sectors and have a broadcast radius of at least 100 yards.

6) When a MetroPCS customer makes a voice call using MetroPCS' network, MetroPCS currently creates and stores a Call Detail Record (CDR) that includes the following information: the date, time, and duration of the call; the telephone numbers involved in the call; the cell tower (along with its location area code) and sector to which the customer was connected at the beginning of the call; and the cell tower (along with its location area code) and sector to which the customer was connected at the end of the call. MetroPCS currently retains this information as a business record for a period of 180 days

7) MetroPCS CDRs do not currently create and store a record of a customer's cell phone communicating with multiple cell towers simultaneously.

8) MetroPCS CDRs do not currently create and store cell-site information unless a call is made. That is, MetroPCS does not create and store a record related to a cell phone's location when the phone is idle.

9) Other than the cell tower the phone was connected to at the beginning and end of the call, MetroPCS CDRs do not currently create a record of any additional towers, or the sectors of towers, the cell phone may have been connected to during the duration of the call.

10) To comply with its E-911 obligations, MetroPCS currently uses Assisted GPS (A-GPS). MetroPCS does not create and store A-GPS, GPS, E-911, or other cell

phone latitude/longitude information for non E911 calls. Thus, MetroPCS does not produce GPS, E-911, or other cell phone latitude/longitude information in response to a 2703(d) order compelling disclosure of historical cell-site information.

11) If a MetroPCS customer's call is carried on another provider's network, MetroPCS does not currently store any cell-site or other location information associated with the call. MetroPCS is unable to provide any historical information to law enforcement regarding the location of a call carried by another provider.

12) Historical cell-site CDR information produced by MetroPCS in response to a 2703(d) order may establish the general vicinity of a wireless telephone at the beginning and/or end of a call, but it does not currently establish the telephone's location with precision.

I declare under penalty of perjury that the foregoing is true and correct.

_____
[name]