IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION OF THE | § | 4:10-mj-981M |
| UNITED STATES OF AMERICA | § | 4:10-mj-990M |
| FOR HISTORICAL CELL SITE DATA | § | 4:10-mj-998M |

## MOTION FOR ASSIGNMENT OF OBJECTIONS
## TO UNITED STATES DISTRICT JUDGE FOR REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the government," files this Motion For Assignment of Objections to United States District Court for Review and in support thereof would respectfully show the Court the following:

### I.

On October 14, 2010, the United States Magistrate Judge (MJ Smith) filed an Order styled Notice of Intent to Take Judicial Notice as to Pen Register in which the Court invited the United States to file a response. On October 29, 2010, the Court filed an Opinion - In re Application of the United States of America for Cell Site Data in which the Court denied the government's several requests for cell site data.

On November 4, 2010, the government filed a motion requesting an extension of time to file its objections to the 35-page Opinion filed on October 29, 2010. The Court granted the government's motion on November 12, 2010; on December 3, 2010, the government filed its Memorandum in which it objected to the findings of

fact and conclusions of the Court's Opinion. On December 6, 2010, a sealed order was filed allowing trap and trace and electronic surveillance.

On December 14, 2010, Catherine Crump of the ACLU of Texas, Benjamin Siracusa of the ACLU of Texas, Susan Freiwald, and Kevin Bankston filed motions for leave to file Briefs Amici Curiae. The Court granted these motions on December 22, 2010. The Briefs Amici Curiae were ultimately filed on January 14, 2011. The government filed a Brief responding to the Briefs Amici Curiae on February 7, 2011. On April 22, 2011, the Court caused the Appendix to the Opinion filed on October 29, 2010, to be filed in the record. With the entry of the Appendix on April 22, 2011, the matter is ripe for review by the district court.

## II.

Rule 59(a) of Federal Rules of Criminal Procedure provides that a party must serve its objections to the magistrate judge's order within 14 days after being served with a copy of a written order or after the oral order is stated on the record. "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. FED. R. CRIM. P. 59 (a).

Rule 59(b) of the Federal Rules of Criminal Procedure provides the parties 14 days to file specific objections to a magistrate judge's proposed findings and recommendations. The failure to file objections waives a party's right to review.

FED. R. CRIM. P. 59(b)(2).  Rule 59(b) further provides:

> The district judge must consider de novo any objection to the magistrate judge's recommendation.  The district judge may accept, reject, or modify the recommendation, receive further evidence or resubmit the matter to the magistrate judge with instructions.

FED. R. CRIM. P. 59(b)(3).  The government's Brief responding to the Briefs Amici Curiae has been on file since February 7, 2010.  The Court effectively perfected the matter for the district court's review on April 22, 2011, when it caused the Appendix to the October 29, 2010 Opinion to be filed and entered by the district clerk.

The magistrate judge's Opinion perpetuates an intra-district split in authority regarding government applications for cell site data.  The Magistrate Judge's Opinion conflicts with the district court's opinion in *In the Matter of the Application for an Order*, 433 F. Supp.2d 804 (S. D. Tex. 2006).  The United States has heretofore shown that magistrate judge's Opinion is contrary to law and clearly erroneous. Under the authority of Rule 59(a), the district court is required to consider the government's objections and the Briefs of the Amici Curiae to resolve the conflict created by the magistrate judge's order.  Review of the Opinion in light of the Briefs Amici and the government's responses will facilitate a resolution of that conflict.

Accordingly, the United States prays that this matter be assigned to the district court for immediate review.

Respectfully submitted,

JOSE ANGEL MORENO
United States Attorney

*Eric D. Smith* /s/
ERIC D. SMITH
Assistant United States Attorney
Texas Bar No. 18578600
ATTORNEYS FOR RESPONDENT
P. O. Box 61129
Houston, TX 77208
(713) 567-9102
